ARMSTRONG, Judge.
The present appeal arises from divorce proceedings instituted by the plaintiff, Patricia Scott Anders. Defendant, Larry An-ders seeks review of the trial court’s judgment awarding plaintiff three hundred and forty ($340.00) dollars a month for alimony pendente lite and three hundred and forty-one ($341.00) dollars per month for child support. The judgment also orders the defendant to pay three hundred and seventy-six ($376.00) per month toward the first mortgage on the family residence.
The parties were married on September 3, 1988 in Orleans Parish. The parties’ minor child, Christian, was born prior to the marriage on May 15, 1982. On July 30, 1991, Mrs. Anders filed a “Petition For Divorce And Injunctive Relief Under La. 46:2121 (sic) et seq.” In the petition, Mrs. Anders alleged that Mr. Anders had physically abused her and threatened her with a knife. Mrs. Anders sought injunctive relief available under L.R.S. 46:2131 et seq., the Domestic Abuse Assistance Act. In addition, Mrs. Anders sought a divorce under Civil Code article 102. The petition also requested use of the family home pending partition of the community, provisional custody of the minor child, child support, alimony pendente lite, as well as all of the traditional temporary restraining orders issued in divorce proceedings. Mrs. Anders sought further to have the trial court order Mr. Anders to pay a portion of the community debts prior to partition.
At the time the petition was filed, the parties were residing in the family home together. On August 1, 1991, Mr. Anders was served with a copy of the petition and was evicted from the family home pursuant to an ex parte order issued by the trial court. On August 12, 1991, Mr. Anders filed an exception of prematurity arguing that the petition for divorce was premature as the petition was filed prior to the date the parties were actually living separate and apart.
On August 19,1991, the trial court held a hearing on the domestic abuse allegations and the various forms of relief sought in Mrs. Anders’ petition. After a hearing on *454 the merits, the trial court dismissed Mrs. Anders’ allegations of domestic abuse. On that same day, the trial court granted primary custody of the minor child to Mrs. Anders and ordered Mr. Anders to pay alimony pendente lite of three hundred forty ($340.00) dollars a month, child support of three hundred forty-one ($341.00) dollars a month, and four hundred and seventy-six ($476.00) dollars per month towards the first mortgage on the family home. A judgment was rendered on September 16, 1991, and amended on December 16, 1991, to reflect the trial court’s dismissal of Mrs. Anders’ complaint of domestic abuse.
On October 28, 1991, Mrs. Anders filed a supplemental and amending petition for divorce alleging that Mr. Anders had vacated the matrimonial domicile on August 1, 1991. The trial court held a hearing on Mr. Anders’ exception of prematurity on October 29, 1991. On December 4, 1991, the trial court rendered judgment denying Mr. Anders’ exception.
The Domestic Abuse Assistance Act is found at L.S.A.-R.S. 46:2131 et seq. The Act provides that if a petition filed under the provisions of this act “requests a protective order for a spouse and alleges that the other spouse has committed abuse, the petition shall state whether a suit for divorce is pending.” L.S.A.-R.S. 46:2134(B). In addition, “if a suit for divorce is pending, any application for a protective order shall be filed in that proceeding and shall be heard within the delays provided by this Part.” L.S.A.-R.S. 46:2134(D). The Act permits the trial court to issue a temporary restraining order, without bond, to protect the petitioner, any minor children, or any person alleged to be an incompetent from abuse. L.S.A.-R.S. 46:2135(A)(1). The statute further allows the trial court to award to a party a portion of the mortgage note.
Moreover, the trial court may award to a party the use and possession of specified community property; to grant possession to the petitioner the family home to the exclusion of the defendant; and award temporary custody of the minor children or persons alleged to be incompetent. L.S.A.R.S. 46:2135(A)(2), (3), (5). The trial court may also order payment of temporary support “where there is a duty to support a party, any minor children or person alleged to be incompetent.” L.S.A.-R.S. 46:2136(A)(2). However, the granting of any relief authorized under this Act does not preclude any other relief authorized by law. L.S.A.-R.S. 46:2139.
Mr. Anders now comes before this Court seeking review of the portion of the judgment rendered on December 16,1991 ordering him to pay alimony pendente lite, child support, and part of the mortgage note on the family residence. On appeal, he raises three assignments of error.
In his first assignment of error, Mr. Anders contends that the trial court erred in condemning him to pay child support, alimony pendente lite and mortgage payments pursuant to the Domestic Abuse Assistance Act. Specifically, Mr. Anders argues that since Mrs. Anders’ action for domestic abuse was dismissed, the trial court was without authority to order defendant to pay alimony pendente lite, child support, and a portion of the mortgage note. Mr. Anders acknowledges that if Mrs. Anders’ domestic abuse action had been maintained, the trial court would have had the discretion to make such awards. The trial judge, in granting the awards, indicated that he was not determining whether he would be able to grant such awards in light of the dismissal of the plaintiff’s claim of domestic abuse. He stated that “it’s probably a res nova issue. I think the Court of Appeals might be willing to get involved in it.”
It is not necessary for this Court to reach that issue. In the present case, Mrs. An-ders filed a petition for divorce under Civil Code article 102 in the same pleading in which she sought relief under the Domestic Abuse Assistance Act. Thus, the trial court was able to render such awards pursuant to Civil code article 105 which provides that “in a proceeding for divorce or thereafter, either spouse may request a determination of custody, visitation, or support of a minor child; support for a spouse; injunctive relief; use and occupancy of the *455 family home or use of community movables or immovables; or use of personal property.” The trial court was well within its authority in considering the issues of child support, alimony pendente lite and community debts.
In his second assignment of error, Mr. Anders contends assuming arguendo that the trial court had the authority to grant Mrs. Anders the relief requested, there was insufficient evidence introduced to substantiate the trial court’s rulings. We cannot say whether the trial court abused its discretion in determining the amounts of the awards set. The hearing held on August 16, 1991 dealt primarily with the issue of domestic abuse. No actual evidence or testimony was taken from the parties concerning their incomes and/or expenses. The trial court apparently determined the amounts of the awards from financial documentation provided to the court in a pre-trial conference. None of these documents were made a part of the record nor introduced into evidence at the hearing. The only information concerning the parties’ incomes came from their attorneys during a discussion with the trial judge concerning the appropriateness of the awards. As none of this documentation was made a part of the appeal record, there is nothing for this court to review in determining whether the trial court abused its discretion in the awardance of child support and alimony pendente lite.
In his third assignment of error, Mr. Anders contends that the trial court erred in ordering the defendant to pay a portion of the first mortgage which is a separate obligation of the parties. Mr. Anders argues that the trial court had no authority to order him to pay that obligation. There was no evidence introduced at the hearing to indicate whether the mortgage note was a community or separate obligation. As stated above, the determinations made by the trial court concerning the mortgage note were made upon consideration of documentation produced at a pre-trial conference.
Therefore, it is necessary for this Court to vacate the trial court’s judgment ordering Mr. Anders to pay child support, alimony pendente lite, and a portion of the mortgage note, and remand the matter for a new hearing on these issues.
For the foregoing reasons, the trial court’s judgment ordering the defendant, Larry Anders, to pay child support in the amount of three hundred and forty-one ($341.00) dollars a month, alimony pendente lite of three hundred and forty ($340.00) dollars a month, and four hundred and seventy-six ($476.00) dollars a month towards the first mortgage on the family residence is hereby vacated. This matter is remanded to the trial court for a new hearing on these issues. Costs of this appeal are to be apportioned equally between the parties.
JUDGMENT VACATED AND REMANDED.